UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Robert V. Towle

    v.                                    Civil No. 08-cv-190-JL

David Gotjen
Dennis MacKey

**REPORT AND RECOMMENDATION**

Before the Court is Robert Towle's complaint (document no. 1), alleging that the defendants have violated his rights under federal and state law by denying him access to his son's medical records. The matter is before me for preliminary review to determine, among other things, whether or not the complaint states any claims upon which relief might be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2); 28 U.S.C. § 1915A(a).

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.

See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true the plaintiff's factual assertions, see Erickson, 551 U.S. at 94, and any inferences reasonably drawn therefrom. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990). This review ensures that pro se pleadings are given fair and meaningful consideration. Applying this standard, I find the facts as follows.

## Background

Robert Towle's son, J.T., received mental health care in 2006 at the Mental Health Center ("MHC"), a mental health

services provider owned by Northern Human Services ("NHS").  J.T. was treated by David Gotjen, a mental health counselor who was employed by NHS to provide services at MHC.  Dennis MacKey is the Chief Executive Officer of NHS.

Between May 2007 and February 2008, Towle requested J.T.'s records from NHS several times but received no response.  On March 10, 2008, J.T.'s nurse practitioner, Ms. Charest, notified Towel that she wanted to prescribe an anti-depressant for J.T. to treat his depression.  Towle contacted Charest and determined that she had not consulted with Gotjen to determine the best treatment option for J.T.  Towle then contacted Gotjen.  Gotjen sent Towle authorizations to sign before Gotjen would release information to Charest.  On March 20, 2008, NHS wrote to Towle, advising him that he would have to pay $6.00 for a copy of J.T.'s 12-page record at NHS.  Towle promptly sent payment.

On April 1, 2008, NHS sent Towle a letter returning his $6.00 and stated that they could not comply with his request for information.  The letter did not state the reason J.T.'s records could not be supplied to Towle.

Discussion

I.  Fourteenth Amendment Claim[1]

Towle alleges that defendants, by denying him his son's medical records, have deprived him of his right to the care, custody and control of his child, in violation of his federal constitutional rights.  See Traxel v. Granville, 530 U.S. 57, 65-66 (2000) (Fourteenth Amendment protects parents' liberty interest in the care, custody, and control of their children).  The United States Constitution, however, "erects no shield against merely private conduct, however discriminatory or wrongful."  Blum v. Yarketsky, 457 U.S. 991, 1002 (1981).  A plaintiff claiming infringement of a constitutional right by an individual defendant must establish that (i) the defendant deprived plaintiff of a right secured by the Constitution or laws of the United States, and (ii) the defendant acted under "color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia."  42 U.S.C. § 1983.  In relation to the second requirement, a private

---

[1] Towle's complaint requests the protection of the First Amendment for his parental rights to care for his child.  In fact, such protections as are afforded to a parent's liberty interest in the care, custody and control of their children arise under the Fourteenth Amendment's due process guarantee.  See Traxel v. Granville, 530 U.S. 57, 65-66 (2000).

4

individual can be held to be a state actor under only three circumstances: "(i) where there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the party may be fairly treated as that of the state itself, (ii) where the private party has exercised powers that are 'traditionally the exclusive prerogative of the state,' or (iii) where the state has exercised coercive power or has provided such significant encouragement, either overt or covert that the action of the private party must in law be deemed to be that of the state." Lewis v. Law-Yone, 813 F. Supp. 1247, 1254 (N.D. Tex. 1993) (quoting Blum, 457 U.S. at 1004); see also Jackson v. Metro. Edison Co., 419 U.S. 345, 357 (1974).

    Towle alleges a deprivation of a constitutionally protected liberty interest occurred when defendants failed to provide him with his son's medical records.  Towle attempts to raise a federal civil rights claim, pursuant to 42 U.S.C. § 1983 and to invoke this Court's federal question jurisdiction, see 28 U.S.C. § 1331, as his claim is framed as a federal constitutional violation.  Towle has not stated any facts to allow me to infer that either named defendant was, at any relevant time, acting under color of state law or could otherwise be considered to be a

state actor.  Both Gotjen and MacKey are private individuals.
Neither defendant is alleged to have any connection to the state.
Further, the provision of medical records by private mental
health providers is not a power traditionally executed by the
state.  Here, the state is not alleged to have participated in
any  way to effect or encourage the denial to Towle of J.T.'s
mental health records in the possession of NHS or MHC.  The
federal constitution does not protect Towle from the actions of
Gotjen or MacKeym, as they are private actors.  Accordingly, no §
1983 action lies to protect Towle from defendants' actions, and I
recommend that the Fourteenth Amendment claim in this action be
dismissed for failure to state a claim upon which relief might be
granted.  See LR 4.3(d)(2)(A)(i).

II.  HIPAA Claim

Towle alleges that defendants' failure to provide him with
J.T.'s medical records violated the mandates of the Health
Insurance Portability and Accountability Act of 1996 ("HIPAA"),
42 U.S.C. §§ 1320d – 1320d-8.  HIPAA, however, does not provide a
private right of action to individuals protected by that statute.
See Marquez v. Principi, Civil No. 06-1581 (RLA), 2009 WL 414464,
at *5 (D.P.R. Feb. 18, 2009) (collecting cases).  While civil and

criminal penalties are available for certain violations of it's requirements, HIPAA specifically delegates enforcement of those penalties to the Secretary of Health and Human Services.  See 42 U.S.C. § 1320d-5; Acara v. Banks, 470 F.3d 560, 571 (5th cir. 2006); Marquez, 2009 WL 414464, at *5.  Accordingly, plaintiff cannot assert a private action under HIPAA, as this Court lacks subject matter jurisdiction to entertain such a claim.  See Marquez, 2009 WL 414464, at *5; Johnson v. Quander, 370 F. Supp. 2d 79, 100 (D.D.C. 2005) ("because no private right of action exists under the HIPAA, this Court does not have subject matter jurisdiction over this claim").  I recommend that Towle's HIPAA claim be dismissed for lack of subject matter jurisdiction.  See LR 4.3(d)(2)(A)(ii).

III. State Law Claims

Towle raises claims arising under the New Hampshire Constitution's protection of parental rights.  Where, as here, there is no diversity of the parties, this Court can obtain jurisdiction over plaintiffs' state law claims only by exercising its supplemental or pendant jurisdiction over that state claim where the claim is part of the same case or controversy as a federal question claim properly before this Court.  See 28 U.S.C.

§ 1367(a) (allowing court to exercise supplemental jurisdiction over state law claims that are "so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy); see also United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).  Plaintiff's state law claim arises out of the same facts and circumstances as his asserted federal claims, however, because I have recommended dismissal of the federal claims, I recommend that this Court decline to exercise its pendant jurisdiction over the state law claims and that they be dismissed.  See LR 4.3(d)(2)(A)(ii).

## Conclusion

For the foregoing reasons, I recommend that this action be dismissed in its entirety.  Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14

(1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                      _____
                                      James R. Muirhead
                                      United States Magistrate Judge

Date:     July 2, 2009

cc:       Robert V. Towle, pro se


JM:jba